**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 18-2997, 18-2998

_____

UNITED STATES OF AMERICA

v.

MICHAEL VANDERGRIFT,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Nos. 2-13-cr-00057-002, 2-15-cr-00157-003)
District Judge:  Honorable Gerald J. Pappert

_____

Submitted under Third Circuit L.A.R. 34.1(a) on March 5, 2020

Before: SMITH, *Chief Judge*, HARDIMAN and KRAUSE, *Circuit Judges*

(Opinion filed: April 23, 2020)

_____

OPINION[*]

_____

KRAUSE, *Circuit Judge*.

Appellant Michael Vandergrift raises three claims on appeal of his convictions for

murder, 18 U.S.C. § 924(j)(1)–(2), and other offenses.  We will affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

Vandergrift first contends that he did not knowingly and voluntarily agree that his proffer statements would be admitted against him. But we review the District Court's factual findings for clear error, *United States v. Mallory*, 765 F.3d 373, 381 (3d Cir. 2014), and it found here, based on an extensive evidentiary hearing, that Vandergrift was informed of the terms of the proffer agreement and knowingly and voluntarily waived his rights. The record supports that finding so there was no error, much less clear error, on this point.

Vandergrift next contends that the evidence was insufficient to establish a drug-trafficking conspiracy. But on our "highly deferential" review, *United States v. Caraballo–Rodriguez*, 726 F.3d 418, 430–31 (3d Cir. 2013) (en banc), we perceive sufficient evidence that Vandergrift had "repeated, familiar dealings" with his associate Vetri to establish a "common goal of distributing [oxycodone] for profit," *United States v. Gibbs*, 190 F.3d 188, 197, 199 (3d Cir. 1999) (internal quotation marks and citation omitted).[1]

Finally, Vandergrift argues that the District Court erred in admitting certain evidence under Federal Rules of Evidence 403 and 404(b) and that the error was not harmless. To show harmlessness, the government need not "disprove every reasonable

---

[1] Nor did any variance between the conspiracy charged in the indictment and that shown at trial affect Vandergrift's "substantial right[s]": The trial overwhelmingly focused on the conspiracy between Vetri and Vandergrift, the primary figures in the murder, and evidence that a third party also supplied Vandergrift with drugs could not have distracted the jury from this focus. *See United States v. Kelly*, 892 F.2d 255, 258 (3d Cir. 1989).

possibility of prejudice"; it need only persuade us it is "highly probable that the error did not contribute to the judgment." *United States v. Cross*, 308 F.3d 308, 326 (3d Cir. 2002) (internal quotations and citation omitted).  That standard is met where, as here, "[e]ven assuming that the [admission] was unlawful, the mass of remaining evidence against [the defendant] was overwhelming." *United States v. Vallejo*, 482 F.2d 616, 618 (3d Cir. 1973).  In addition to the other evidence lawfully introduced at trial, no fewer than four witnesses testified that Vandergrift committed the murder in furtherance of his conspiracy with Vetri.  Given "the truly overwhelming quantity of legitimate evidence" on this record, *United States v. Christie*, 624 F.3d 558, 571 (3d Cir. 2010), the District Court's admission of the challenged evidence here was harmless beyond a reasonable doubt.[2]

For the foregoing reasons, we will affirm the judgment of conviction.

---

[2] Vandergrift incorporated by reference Vetri's arguments "to the extent that [t]he issues are applicable to Vandergrift."  Appellant's Br. at 29.  The expectation that we will "identify the issues to be adopted simply results in the abandonment and waiver of the unspecified issues." *United States v. Fattah*, 914 F.3d 112, 146 n.9 (3d Cir. 2019).